(No. 40008.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ROBERT L. GRIFFIN, Appellant.

*Opinion filed January 19, 1967.*

JOHN E. HOWARTH, of Springfield, for appellant.

DON P. BOGGS, State's Attorney, of Havana, for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

A verified complaint charged the defendant, Robert L. Griffin, with reckless driving. He pleaded not guilty, but was found guilty after a trial before the court. His motion in arrest of judgment was overruled and he was fined $150 and placed on probation for six months. He appeals directly to this court upon the ground that the complaint was insufficient to advise him of the nature and cause of the accusation against him, and that his rights under section 9 of article II of the constitution of Illinois were therefore violated. That provision of the constitution states: "In all criminal prosecutions the accused shall have the right * * * to demand the nature and cause of the accusation * * *."

The verified complaint, which was filed in the circuit court of Mason county, read as follows: "That on the 7th day of March, 1965, in said County, Robert L. Griffin committed the offense of Reckless Driving in that he did on Main Street in Mason City, Illinois drive his vehicle with a willful and wanton disregard for the safety of persons or property, in violation of Paragraph 145, Chapter 95½, Illinois Revised Statutes." The complaint is thus cast in the language of the statute: "(a) Any person who drives any vehicle with a wilful or a wanton disregard for the safety of persons or property is guilty of reckless driving." Ill. Rev. Stat. 1965, chap. 95½, par. 145.

The defendant relies upon *People* v. *Green,* 368 Ill. 242. There the court sustained the validity of the statute against a challenge on the ground that it was so vague as to violate due process. The court also considered the sufficiency of an information which charged that the defendant, on February 9, 1937, did "drive a vehicle upon a public highway of this State situated within the limits of the city of Chicago * * * with a willful and wanton disregard for the safety of persons or property". The court said: "The information in the present case did not allege a single fact and there

was nothing in it from which the defendant could tell definitely, or even guess, what acts he may have been charged with. It might have been driving while intoxicated, or running through a stop-light, or driving at an excessive speed or without brakes, lights or horn; he may have been driving on the wrong side of the road or on the sidewalk, or without keeping proper lookout for children, or any one of dozens of things which might constitute wilful and wanton disregard for the safety of persons or property. Neither does it specify where the offense took place, as it might have been on any street or highway in the whole of Chicago, and it might have taken place on any date within eighteen months prior to the filing of the information. All that appears in this information is that in the opinion of the person who wrote it and the person who signed it, the defendant had been guilty of driving a vehicle with wilful and wanton disregard for the safety of persons or property. It thus fails to meet either of the two basic requirements of an information. It does not give defendant enough information to prepare his defense and it is not sufficiently definite to be of any value as a bar to further prosecution." (*People* v. *Green,* 368 Ill. 242, 254-255.) Justices Stone and Wilson dissented.

The purposes of the constitutional right of an accused "to demand the nature and cause of the accusation and to have a copy thereof" are "* * * to secure to the accused such specific designation of the offense charged against him as will enable him to fully prepare for his defense, and to plead the judgment in bar of a subsequent prosecution for the same offense." *People* v. *Peters,* 10 Ill.2d 577, 580.

In the *Green* case the court held that the information then before it failed to satisfy these purposes because it was thought that neither the time nor the place of the alleged violation was specified with sufficient particularity, and because the information did not tell the defendant what

specific acts he was charged with. To the extent that the *Green* case was based upon the insufficiency of the information with respect to the time and place of the offense charged, it is no longer controlling. In *People* v. *Blanchett,* 33 Ill.2d 527, and *People* v. *Reed,* 33 Ill.2d 535, the court held that since a motion for a bill of particulars would afford a defendant sufficient protection as to the elements of time and place, an indictment may not be attacked by a motion in arrest of judgment for failure to state with particularity the time and place of the alleged offense.

But the opinion in *Blanchett* was careful to distinguish an indictment which failed to allege "time and place" from one which failed to charge "the nature and elements of the offense." Each of the acts described in the *Green* case could, in some circumstances, raise an inference that would sustain a charge of reckless disregard for the safety of others. Unless a defendant is advised of the particular acts relied upon to sustain a charge of reckless driving, he is not advised of the "nature and elements" of the offense, and he is not afforded the full protection against double jeopardy contemplated by the constitution. For example, if a defendant drove at an excessive rate of speed, ran through three successive red lights and also drove on the wrong side of the road, and then pleaded guilty to a complaint phrased like the one now before us, his protection from subsequent prosecution for each specific offense is sufficiently dubious to contravene the purpose of section 9 of article II of the constitution.

It does not appear that the compulsory joinder provision of the Criminal Code (Ill. Rev. Stat. 1965, chap. 38, par. 3—3,) would protect him against subsequent prosecution for each of the specific offenses. Section 3—3 requires that offenses be prosecuted together only "if they are based on the same act." The comments of the drafting committee make it clear that this provision was not meant to require

joinder of separate offenses resulting from the same "conduct" (Committee Comment, S.H.A. chap. 38, par. 3—3,) which is defined as "an act or a series of acts." (Ill. Rev. Stat. 1965, chap. 38, par. 2—4.) Since each act in the example stated would be a separate offense, and might, in appropriate circumstances, constitute reckless driving, the compulsory joinder provision would not prevent successive prosecutions for reckless driving and for each of the other violations.

Nor can the danger of successive prosecutions be avoided on the ground that each separate offense is included within the reckless driving charge and therefore barred. An offense is treated as included when it "Is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission" of the greater offense. (Ill. Rev. Stat. 1965, chap. 38, par. 2—9.) When a particular act, such as running a stop light, is proved upon a charge of reckless driving, it is appropriate to hold that jeopardy has attached with respect to both reckless driving and running the stop light. The latter offense was required to prove the former, and is therefore included. In the case of a defendant like the one now before us, who pleads not guilty to a general charge of reckless driving and is found guilty after a trial, at best it may be possible to determine from the evidence what specific acts were proved and were therefore included offenses under the statute. (See, *People* v. *Jankowski,* 391 Ill. 298, 302.) But in the case of a defendant who pleads guilty to a general charge of reckless driving it is not possible to determine what specific acts were included offenses.

*People* v. *Green* avoided these uncertainties in all instances by requiring that the charge of reckless driving state the "nature and elements" of the offense, in the sense of the particular acts relied upon. The requirement is not burdensome, for the prosecution must know the specific acts it proposes to prove, and an otherwise serious double jeopardy

question is avoided. We therefore adhere to our decision in *People* v. *Green*, 368 Ill. 242. The judgment of the circuit court of Mason County is reversed.

*Judgment reversed.*