THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEPHEN L. BURCH, Defendant-Appellant.

(No. 12084;

Fourth District—May 8, 1974.

Stephen Davis, of Charleston, for appellant.

Lawrence Eaton, State's Attorney, of Monticello, for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his convictions for speeding and reckless driving. Fines of $10 and $50 respectively were assessed after a bench trial. It is urged on review that the complaints for speeding and reckless driving were deficient, that defendant was not proven guilty beyond a reasonable doubt, and that it was error to fine defendant for two separate violations arising from the same conduct.

The record on appeal consists of an agreed statement of facts stipulated by the parties pursuant to Supreme Court Rule 323(b). The State's case was comprised solely of testimony from Gary Schumard, a police officer of Bement, Illinois. Officer Schumard stated that at approximately 5:45 P.M. on August 6, 1972, he was operating a radar apparatus at the intersection of Petit and Macon Streets in Bement. This equipment had been tested and verified for accuracy by Officer Schumard utilizing an electronic device.

The officer first observed defendant's vehicle as it was proceeding northbound on Macon Avenue behind three other autos. The three lead vehicles were all clocked at 33 miles per hour in a 35-mile-per-hour zone as they passed his location. After the last of these three cars had exited the radar beam, defendant was clocked at 45 miles an hour. At this point defendant allegedly accelerated and passed the three vehicles in front of him. Schumard stated that approximately three small children were standing on the west side of the road as defendant was passing and that

an oncoming southbound auto appeared to pull off the road into a gas station lot in an attempt to avoid a collision with defendant's vehicle.

Defendant testified in his own behalf and admitted that he did not remember his exact speed; however, he denied passing any automobiles in Bement and further stated that he did not observe any children or oncoming cars.

From the above facts the trial judge found defendant guilty of speeding and reckless driving.

The first point to be considered is defendant's contention that the complaint for speeding was insufficient as a matter of law because of a latent ambiguity on the face of this citation. The complaint stated that the offense occurred at Macon Street and Highway 105 in Bement, Illinois, although the record here showed that Macon Street and Highway 105 are the same thoroughfare. It is appellant's position that the foregoing was ambiguous and the complaint rendered deficient.

■■ Defendant's contention appears to be that a citation for a traffic violation occurring at an intersection can only be valid if the complaint cites the names of both intersecting streets. The appellant has cited no authority for this proposition and this court is aware of none. If any confusion had actually accrued as the result of the description appearing in the complaint, the defect could easily have been cured by a bill of particulars. (*People v. Blanchett* (1965), 33 Ill.2d 527, 212 N.E.2d 97; *People v. Reed* (1965), 33 Ill.2d 535, 213 N.E.2d 278 and *People v. Aud* (1972), 52 Ill.2d 368, 288 N.E.2d 453.) The citations informed defendant that on September 6, 1972, at approximately 5:45 P.M. he was caught by a radar apparatus at a speed of 45 miles per hour in a 35-mile-an-hour zone in Bement, Illinois. The complaint was sufficient on its face, and a bill of particulars as to the precise location in Bement, Illinois, would have had only supplemental value. *People v. Patrick* (1967), 38 Ill.2d 255, 260, 230 N.E.2d 843.

Defendant urges that the citation charging reckless driving was insufficient on its face. By citing *People v. Green* (1938), 368 Ill. 242, 13 N.E.2d 278, and *People v. Griffin* (1967), 36 Ill.2d 430, 223 N.E.2d 158, it is argued that the specific acts of reckless conduct must be delineated in the complaint because the statute defining reckless driving (Ill. Rev. Stat. 1971, ch. 95½, par. 11—503) is so general in its terms that some act showing a violation of that statute must be incorporated in the citation: "Where the statute does not specifically define the crime, or does so only in general terms, some act showing an alleged violation of the statute must be averred." (52 Ill.2d at 370.) This caveat was applied by Justice Schaefer in the *Griffin* opinion: "Unless a defendant is advised of the particular acts relied upon to sustain a charge of reckless driving, he is not advised of the 'nature and elements' of the offense, and he is

not afforded the full protection against double jeopardy contemplated by the constitution." 36 Ill.2d at 433.

The complaint here consists of the standardized traffic citation used throughout the State of Illinois pursuant to Illinois Revised Statutes 1971, chapter 38, paragraph 111—3(b) and Supreme Court Rule 552. The arresting officer indicated, by filling in the appropriate blanks and spaces appearing on the citation, that the defendant had passed three cars in a reckless manner while on a residential two-lane highway with oncoming traffic present. Unlike *Griffin*, the complaint here is not phrased in the language of the statute, but specifically denominates the reckless conduct alleged to have been performed by the defendant. Justice Schaefer in *Griffin* specifically held that a complaint for reckless driving which did not designate the precise reckless conduct involved was deficient because it would offer no protection against double jeopardy. Since the time, location and specific reckless conduct were included in the citation here, the double jeopardy problem in *Griffin* is not present. The complaint charging defendant with reckless driving is sufficient as a matter of law.

■■ · The next point to be considered is whether the defendant was proven guilty beyond a reasonable doubt of either offense. The only evidence introduced by the State to sustain the charge of speeding was the testimony of Officer Schumard as to the readings on his radar apparatus. The law does not require that a police officer be well versed in the scientific principles involved in the operation of a radar instrument. (*People v. Abdallah* (1967), 82 Ill.App.2d 312, 226 N.E.2d 408.) However, sufficient foundation must appear in the record to establish the accuracy of the radar equipment used. (*People v. Stankovich* (1970), 119 Ill.App. 2d 187, 255 N.E.2d 461.) The accuracy of a particular radar unit can be established by showing that the officer tested the device in accordance with accepted procedures. *People v. Barbic* (1969), 105 Ill.App.2d 360, 244 N.E.2d 626; *People v. Stankovich; People v. Abdallah.*

■■ Neither will the reviewing courts in Illinois reverse a judgment of conviction on the ground that the evidence failed to sustain the judgment unless there is a reasonable and well founded doubt as to the guilt of the accused and the judgment is palpably contrary to the weight of the evidence. (*People v. Stankovich.*) The record here indicates that the arresting officer tested his radar apparatus before and after its use in apprehending the defendant by utilizing an electronic plug-in device. We are of the opinion that this was sufficient proof of the accuracy of the radar unit and of its proper operation for the trial court to have found the defendant guilty of speeding upon the reading taken from that unit.

The appellant also asserts that he was not proven guilty of reckless

driving beyond a reasonable doubt. The offense of reckless driving is defined in Illinois Revised Statutes 1971, chapter 95½, paragraph 11—503:

> "Any person who drives any vehicle with a willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

■■ The specific acts constituting the reckless driving here are described in the complaint. The traffic citation stated that the defendant passed three vehicles in a reckless manner on Macon Street in Bement, Illinois, said conduct occurring with oncoming traffic present. The testimony of Officer Schumard appearing in the record substantiates every allegation in the complaint, and it was for the trier of fact to determine whether the allegations and the evidence constituted wilful and wanton misconduct on the part of defendant. (*People v. Chambers* (1972), 8 Ill.App. 3d 430, 289 N.E.2d 476.) Neither can it be said that the allegations of the complaint and the testimony in support thereof are insufficient as a matter of law to charge wilful and wanton misconduct in defendant's operation of his vehicle.

■■ It is further alleged that the trial court violated defendant's rights against double jeopardy by finding him guilty of both speeding and reckless driving. The actual thrust of this argument can best be characterized as an attack on the inequitable practice of sentencing a defendant for two offenses, although legally independent, which arises from the same conduct. When two offenses are not "independently motivated or otherwise separable", the courts of this State have upheld the sentence only for the greater offense. (*People v. Stewart* (1970), 45 Ill.2d 310, 259 N.E.2d 24; *People v. Whittington* (1970), 46 Ill.2d 405, 265 N.E.2d 679; *People v. Lerch* (1972), 52 Ill.2d 78, 284 N.E.2d 293 and *People v. Prim* (1972), 53 Ill.2d 62, 289 N.E.2d 601.) The speeding citation here was issued as a result of defendant's being caught in excess of a posted speed limit by a radar apparatus. The record demonstrates that this measurement occurred before defendant's alleged reckless conduct in passing the automobiles. The citation for reckless driving does not mention the speed of defendant in describing the alleged reckless conduct and there is nothing in the record to negate the lower court's findings that two separate and distinct offenses had been committed by the defendant. Indeed, defendant cites authority and argues that speed alone does not establish reckless driving.

For the reasons stated, the judgments entered on defendant's convictions of speeding and reckless driving are affirmed.

Affirmed.

SMITH, P. J., and SIMKINS, J., concur.