THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN ROBERTS, Defendant-Appellant.

Fifth District   No. 81—414

Opinion filed March 22, 1983.

HARRISON, P.J., dissenting.

John B. Moores and Ray Tasell, Assistant Public Defenders, of Murphysboro, for appellant.

John Clemmons, State's Attorney, of Murphysboro (Martin N. Ashley and Frank J. Bieszczat, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Defendant, John Roberts, appeals from a judgment of conviction entered after a bench trial in the circuit court of Jackson County. The defendant was found guilty of the offense of reckless driving in violation of section 11—503 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—503). He was fined $100 plus the costs of the proceeding.

The sole issue on appeal is whether the Illinois Uniform Traffic Ticket and Complaint, the charging instrument, was insufficient because it failed to inform the defendant of the nature and elements of the offense of reckless driving.

The facts are not in dispute. On March 27, 1981, the defendant was issued a traffic ticket for reckless driving. The Illinois Uniform Traffic Ticket and Complaint provided for in Supreme Court Rule 552 (73 Ill. 2d R. 552) is a preprinted form which provides a small amount of space for describing the nature and elements of the offense charged. Officer Donald Hawk of the Southern Illinois University Police Department, who charged defendant, wrote on the face of the ticket that defendant had committed the offense of "Reckless Driving" and cited section 11—503 of the Illinois Vehicle Code. By checking the boxes in the lower portion of the ticket, the officer noted that there was cross, oncoming and pedestrian traffic present, that the highway type was two and four lanes and that it was a school area. None of the boxes describing the nature of the violation were checked, and there was no description of the alleged act of reckless driving provided by the officer.

At trial, at the close of the State's case, the defendant moved for dismissal challenging the sufficiency of the complaint. The motion was denied. Defendant was found guilty and fined. Defendant subsequently filed a motion in arrest of judgment which was denied.

The defendant contends that the complaint upon which he was tried and convicted violated his constitutional right to be informed of the nature and elements of the offense charged. (Ill. Const. 1970, art. I, sec. 8; U.S. Const., amend. VI.) The defendant also asserts that the complaint failed to meet the requirements of section 111—3(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1981, ch. 38, par. 111—3).

Section 111—3 reads as follows:

"a) A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;

(2) Citing the statutory provision alleged to have been violated;

(3) Setting forth the nature and elements of the offense charged;

(4) Stating the date and county of the offense as definitely as can be done; and

(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty."

■ The ticket issued to the defendant failed to comply with section 111—3(a)(3).

In *People v. Griffin* (1967), 36 Ill. 2d 430, 223 N.E.2d 158, the supreme court recognized that the offense of reckless driving was vague and could be committed by a multitude of acts. In *Griffin,* defendant was charged with the offense of reckless driving by driving his automobile "with a willful and wanton disregard for the safety of persons or property," the language of the statute as it then existed. (Ill. Rev. Stat. 1965, ch. 95½, par. 145.) In *Griffin* the supreme court reversed defendant's conviction and said:

"*People v. Green* [(1938), 368 Ill. 242, 13 N.E.2d 278], avoided these uncertainties in all instances by requiring that the charge of reckless driving state the 'nature and elements' of the offense, in the sense of the particular acts relied upon. This requirement is not burdensome, for the prosecution must know the specific acts it proposes to prove, and an otherwise serious double jeopardy question is avoided." 36 Ill. 2d 430, 434, 223 N.E.2d 158, 160.

■ When a defendant is charged with reckless driving, he must be advised of the particular act that comprised the offense.

In *People v. Chitwood* (1976), 42·Ill. App. 3d 680, 356 N.E.2d 592, *rev'd on other grounds* (1977), 67 Ill. 2d 443, 367 N.E.2d 1331, we said that:

"The United States and Illinois constitutions both afford a criminal defendant the right to be informed of the nature and cause of the accusation against him. (U.S. Const., amend. VI; Ill. Const. art. I, sec. 8). The purpose of this guarantee is to allow defendant to prepare his defense and to plead a subsequent judgment as a bar to future prosecutions arising out of the same conduct." 42 Ill. App. 3d 680, 681, 356 N.E.2d 592, 594-95.

In *Chitwood,* the defendant was tried and convicted of reckless driving. There was issued an Illinois Uniform Traffic Ticket and Complaint which charged him with reckless driving in violation of section 11—503 of the Illinois Vehicle Code and stated the time and location

of the offense. The facts of *Chitwood* are strikingly similar to the case at bar with one important exception. In *Chitwood*, the defendant attacked the sufficiency of the complaint for the first time on appeal. We stated that "if the defendant had raised this defect in the trial court, reversal of his conviction would now be required." 42 Ill. App. 3d 680, 682, 356 N.E.2d 592, 595.

In the case at bar, the defendant did attack the sufficiency of the complaint at trial. We find no requirement in the reported cases that he challenge the sufficiency of the complaint prior to trial or that he request a bill of particulars. He filed a motion to dismiss at the close of the State's case which was denied. The defendant also filed a motion in arrest of judgment. It, too, was denied. Based on the holdings in *Griffin* and *Chitwood*, we conclude that the complaint was not sufficient to inform the defendant of the offense of which he was accused. The complaint does not describe the particular act that may have made up the offense of reckless driving. The judgment of conviction must be reversed.

This does not mean that the Uniform Traffic Ticket and Complaint cannot be used to charge a person with reckless driving. However, the complaint must specify what particular act constituted the reckless driving. This is not an unreasonable requirement. In *People v. Burch* (1974), 19 Ill. App. 3d 360, 311 N.E.2d 410, the arresting officer specified, by filling in appropriate blanks and spaces on the ticket, that the defendant recklessly passed three cars on a two-lane highway with oncoming traffic. It was held that the complaint was sufficient because it specifically described the reckless conduct alleged to have been performed by the defendant.

The State contends that *People v. Tammen* (1968), 40 Ill. 2d 76, 237 N.E.2d 517, is controlling. In *Tammen*, the defendant was charged with the offense of drag racing, not with reckless driving. The Illinois Supreme Court held that the words "drag racing" and the citation to the proper statutory provisions of the Illinois Vehicle Code were sufficient to inform the defendant of the nature and elements of the offense charged.

The difference between the offense of drag racing and reckless driving was pointed out in *People v. Brausam* (1967), 83 Ill. App. 2d 354, 227 N.E.2d 533. In *Brausam*, the court noted that the Illinois Vehicle Code clearly defined drag racing. The court also stated that:

> "The charge of 'drag racing' does not include the multitude of different acts which could leave the defendant uncertain as to the particular act which constituted the basis of the offense charged. Such offense is not susceptible of the uncertainty

which might result from a charge of 'reckless driving.' " 83 Ill. App. 2d 354, 365, 227 N.E.2d 533, 539.

■ We agree that the purpose of the Uniform Traffic Ticket and Complaint is to expedite the handling of traffic cases, quasi-criminal cases and misdemeanors. However, we do not believe that the judicial system will be overburdened by requiring an officer to describe on the ticket the particular act that constitutes the offense of reckless driving. Accordingly, the judgment of conviction of the circuit court of Jackson County is reversed.

Reversed.

KASSERMAN, J., concurs.

PRESIDING JUSTICE HARRISON, dissenting:
I respectfully dissent.

It seems to me that the issue of appeal in this case has been decided adversely to the defendant by our supreme court in *People v. Tammen* (1968), 40 Ill. 2d 76, 237 N.E.2d 517. Implicit in the supreme court's ruling in *People v. Tammen* is the determination that the right to request a bill of particulars affords adequate protection to the defendant. *People v. Domovich* (1980), 91 Ill. App. 3d 870, 414 N.E.2d 290.