THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BENJAMIN HANNA et al., Defendants-Appellees.

Fifth District   No. 5—87—0150

Opinion filed June 22, 1989.—Rehearing denied July 26, 1989.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, and Howard B. Eisenberg and Elizabeth Berg Streeter, both of Southern Illinois University, of Carbondale, for appellee Benjamin Hanna.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellee William Lindsey.

JUSTICE GOLDENHERSH delivered the opinion of the court:

The people of the State of Illinois appeal from an order of the circuit court of Jackson County dismissing the driving under the influence (DUI) charges against defendants, Benjamin Hanna and William Lindsey, and rescinding the summary suspension of both defendants' driving privileges. This court reverses and remands with directions.

The record reveals the following facts. On December 16, 1986, defendant Benjamin Hanna (Hanna) was given a ticket for the offense of DUI in violation of section 11—501 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(1)). The ticket stated that defendant was to appear in court on January 7, 1987. Accompanying the ticket was a notice that defendant's license would be suspended because his blood-alcohol level was .18 and he nearly struck three pedestrians.

On December 21, 1986, defendant William Lindsey (Lindsey) was given a ticket for DUI in violation of section 11—501 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501). The ticket stated that his appearance at court was set for January 7, 1987. The accompanying notice stated that defendant's license would be summarily suspended because he refused to submit to a breath test. The notice also contained a statement by the arresting officer that he observed defendant driving the wrong way on a one-way street; defendant smelled of alcohol; and he failed a field sobriety test.

On January 7, 1987, both defendants appeared in court and the State filed a DUI information against each defendant. The court appointed the public defender to represent them and set the cases for trial on January 29, 1987. On January 22, Hanna filed a petition to rescind his summary suspension alleging lack of probable cause and that he was never properly placed under arrest for DUI.

Prior to the time their trial was to start, both defendants filed a motion to dismiss their informations on the ground that the traffic citations were not transmitted to the circuit court within 48 hours of their arrest pursuant to Supreme Court Rule 552 (107 Ill. 2d R. 552). The trial court granted the motions. The court noted that a photocopy of Hanna's citation was filed on January 14, 1987. In the order granting Lindsey's motion, the court noted that a photocopy of his citation was mailed on December 31, 1986.

The record does not reveal whether the trial court acted on Hanna's rescission petition. However, the clerk of the court sent notice to the Secretary of State stating that the trial court found that the summary suspension should be rescinded based on Supreme Court Rule 552. The clerk sent the same notice for Lindsey to the Secretary of State. However, Lindsey did not file a rescission petition and there is no record of the trial court rescinding the order.

The State appealed and filed with it a motion to supplement the record with documents from the Secretary of State's office reflecting the notice of rescission sent by the circuit clerk. This court denied the motion to supplement because the documents were not part of the trial record and a judgment on this issue was not in the record. This court ordered the State to show cause why the appeal from the rescission of the summary suspension should not be dismissed.

The State subsequently filed a response to the order to show cause stating that a proposed *nunc pro tunc* order was sent to the trial court. The order reflected that the rescission of the suspensions was ordered. However, the trial court returned the proposed order unsigned with a notation stating, "The responsibility of preparing an accurate trial record transmittal on appeal is that of the trial attorney, not the Court."

■ This court remanded the cause to the trial court for a Supreme Court Rule 329 hearing, which provides in part:

"Material omissions *** may be corrected *** by the trial court, either before or after the record is transmitted to the reviewing court ***." (107 Ill. 2d Rules 329, 612(g).)

The trial court was to determine whether the suspension had been rescinded.

At the Rule 329 hearing, the trial court stated that it had "no independent recollection of whether or not the statutory summary suspension was rescinded or not, however, I have a pretty good idea that it was basically because there is no case." The trial court eventually stated:

"I have entered an order and I have sent it to the Secretary of State ***.

* * *

I hope that this record will be sufficient for the Appellate Court to know that the statutory summary suspension has, in fact, been rescinded ***."

On February 29, 1988, this court dismissed the State's appeal from the rescission of Hanna's license because there was no order of rescission of record. In view of this court's determination, the Secretary of State suspended Hanna's driver's license, effective on May 3, 1988.

Hanna filed a petition to rescind the suspension. The trial court held a hearing on the petition and determined:

"Any further summary suspension entered by the Secretary of State, who is not a party to these proceedings, is without the jurisdiction or authority of chapter 95½, section 11—501.1(d) or (e)."

Accordingly, the court "immediately rescinded" the summary suspension for Hanna. The State appeals.

I

The first issue on appeal is whether the trial court properly dismissed the DUI citations against both defendants because the arresting officers failed to transmit the citations to the circuit clerk's office within 48 hours pursuant to Rule 552.

■ Rule 552 is part of article V of the supreme court rules entitled, in part, "Rules on Trial Court Proceedings in Traffic *** Offenses." (107 Ill. 2d R. 552.) The principal purpose of article V is "to provide a comprehensive system to allow bail to be taken, pleas of guilty made and fines received in certain traffic and other minor criminal cases without the presence of a judge." (*People v. Zlatnik* (1975), 29 Ill. App. 3d 498, 500, 331 N.E.2d 1, 3.) Article V was adopted by the supreme court of this State to ensure judicial efficiency and uniformity as well as "to expedite the handling of traffic cases." *People v. Roberts* (1983), 113 Ill. App. 3d 1046, 1050, 448 N.E.2d 185, 188.

■ ■ To further analyze the statutory purpose of Rule 552, this court must look at the language of the statute itself. Rule 552 pro-

vides in part:

> "The arresting officer shall complete the form or ticket and, within 48 hours after the arrest, shall transmit the portions entitled 'Complaint' and 'Disposition Report' and, where appropriate, 'Report of Conviction,' either in person or by mail, to the clerk of the circuit court of the county in which the violation occurred." 107 Ill. 2d R. 552.

In determining whether the language of the statute is mandatory or directory, the supreme court of this State held:

> "Ordinarily a statute which specifies the time for the performance of an official duty will be considered directory only where the rights of the parties cannot be injuriously affected by failure to act within the time indicated. However, where such statute contains negative words, denying the exercise of the power after the time named, or where a disregard of its provisions would injuriously affect public interests or private rights, it is not directory but mandatory." *Carrigan v. Liquor Control Comm'n* (1960), 19 Ill. 2d 230, 233, 166 N.E.2d 574, 576.

In view of the purpose of Rule 552 and the language of the rule, this court finds that the duty to file or mail a traffic citation with the clerk of the court within 48 hours is directory. Nothing in the rule suggests that failure to follow the rule will injuriously affect a party's rights. The goal of Rule 552 is to assist the traffic court in controlling its docket. Thus, this court reverses the order of the circuit court dismissing the citations.

In light of the purpose of Rule 552 and the language of the rule, this court must further analyze the ramifications of the possible remedies.

The State urges this court to reverse the dismissal of the DUI citations. Defendants seek an affirmance. If this court reverses this case without directions, it will be condoning a violation of a supreme court rule and will be hindering the trial court's authority to control its docket. On the other hand, if this court affirms the dismissal, it will penalize the State on matters over which it has no control while granting an absolute right to dismissal where no such right was intended.

This court agrees with the trial court that the supreme court does not make useless rules. In light of this situation, this court remands this cause for a hearing to determine whether the procedure used by the arresting officer or the police station was part of an ongoing violation of Supreme Court Rule 552. Since the trial court has authority to control its docket and enforce supreme court rules, dis-

missal is warranted where there is a clear and consistent violation of Rule 552. However, if the trial court finds that the violations of Rule 552 were inadvertent actions, then dismissal is not warranted.

Thus, this court remands this cause for further proceedings.

## II

The second issue on appeal is whether Supreme Court Rule 552 governs an implied consent hearing. The State argues that Rule 552 does not secure any right of an accused motorist. Furthermore, the State argues that supreme court rules do not govern an implied consent hearing because that hearing is civil in nature.

This court stated in *People v. Cassidy* (1979), 67 Ill. App. 3d 43, 384 N.E.2d 599:

> "It is the arrested person, not the arresting officer, who requests an implied consent hearing, as did the defendant here, and the arresting officer does not set an appearance date for such a hearing. In fact, no date is set unless the arrested person requests a hearing. These considerations, in addition to the fact that an implied consent hearing is civil rather than criminal in nature [citation], lead to the logical conclusion that the implied consent hearing is outside the intended purview of [Supreme Court] Rule 504 and can not be dismissed merely because the hearing occurs beyond the 10- to 45-day time limitation for hearing traffic citations." 67 Ill. App. 3d at 47, 384 N.E.2d at 603.

An implied consent hearing is a separate and distinct proceeding from the underlying criminal action. (*People v. Gerke* (1987), 156 Ill. App. 3d 43, 45, 508 N.E.2d 1223, 1224.) Furthermore, this court notes that at the implied consent hearing the trial court is limited to the following issues:

> "1. Whether the person was placed under arrest for an offense as defined in Section 11—501, or a similar provision of a local ordinance, as evidenced by the issuance of a Uniform Traffic Ticket; and
>
> 2. Whether the arresting officer had reasonable grounds to believe that such person was driving or in actual physical control of a motor vehicle while under the influence of alcohol, other drug, or combination thereof; and
>
> 3. Whether such person, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person refused to submit to and complete the test or tests, did refuse to submit to or complete such test

or tests to determine the person's alcohol or drug concentration; or

4. Whether the person, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person submits to a chemical test, or tests, and such test discloses an alcohol concentration of 0.10 or more, and such person did submit to and complete such test or tests which determined an alcohol concentration of 0.10 or more." (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).)

It is evident from the statute that the court is limited in its findings.

■■ Thus, this court finds that since the supreme court rules do not apply to the implied consent hearing, the trial court erred when it rescinded the summary suspensions. Accordingly, this court remands this cause for an implied consent hearing for defendant Benjamin Hanna because the record reveals that only Hanna petitioned for rescission, and reinstates the remaining time on the statutory summary suspension for defendant William Lindsey.

Reversed and remanded in part, with directions.

CHAPMAN and RARICK, JJ., concur.