NOTICE
Decision filed 02/11/15. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2015 IL App (5th) 140423

NO. 5-14-0423

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 14-TR-8913 |
| | ) | |
| CHRISTOPHER M. GEILER, | ) | Honorable |
| | ) | Elizabeth R. Levy, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court, with opinion.
Justices Stewart and Schwarm concurred in the judgment and opinion.

**OPINION**

¶ 1    The State appeals the July 31, 2014, order of the circuit court of Madison County that granted the motion of the defendant, Christopher M. Geiler, to dismiss a traffic citation for failure to timely file the citation with the circuit clerk within 48 hours, in violation of Illinois Supreme Court Rule 552 (eff. Sept. 30, 2002), as a part of a clear and consistent violation of said rule. For the following reasons, we affirm.

¶ 2                                    FACTS

¶ 3    On May 5, 2014, the defendant was issued a traffic citation by the police department of the City of Troy for driving 15 miles per hour over the speed limit. The

1

citation was filed in the Madison County circuit clerk's office on May 9, 2014. On June 11, 2014, the defendant filed a *pro se* motion to dismiss the citation, alleging that it was not processed in a timely fashion, in violation of Illinois Supreme Court Rule 552 (eff. Sept. 30, 2002).

¶ 4    A hearing on the motion was held on July 30, 2014,[1] at which the following testimony and evidence was adduced. Todd Hays testified that he is employed as a detective by the Troy police department and has been so employed for over 11 years. He described the citation and complaint filing process as follows. Once a citation is issued, it is deposited into a secure bond box in the dispatch office. Every Monday and Friday, the supervisors remove the citations from the box, review them, record them on bond sheets, and deliver them to the courthouse. Hays testified that it is impossible to transport the citations daily, and he estimated that there are approximately 30 to 50 citations filed every Monday and Friday. Hays noted that citations issued over the weekend are brought to the courthouse on Monday and those issued through the week are brought to the courthouse on Friday. In response to specific questioning regarding citations issued on Tuesday, Hays agreed that those are not filed at the courthouse until Friday.

---

[1]The matter was previously set and the defendant at that time had a stack of citations, in addition to the one issued to him, that had been issued by the City of Troy. The citations were admitted into evidence and reviewed by the State, after which the State refused to dismiss the citation against the defendant. The matter was reset to July 30, 2014.

¶ 5    Hays averred that he is familiar with Supreme Court Rule 552 (eff. Sept. 30, 2002) and explained that "the tickets should be up within 48 hours." He emphasized, "[I]t's not a mandate. *** [T]his is our decision that if you can get them up in 48 hours, if possible, that's the way it should be."

¶ 6    The circuit court entered an order on July 31, 2014, granting the defendant's motion to dismiss, based on a finding of a clear and consistent violation of Supreme Court Rule 552, pursuant to this court's ruling in *People v. Hanna*, 185 Ill. App. 3d 404 (1989). The State filed a timely notice of appeal.

¶ 7                                ANALYSIS

¶ 8    The issue on appeal is whether the circuit court erred by granting the defendant's motion to dismiss. "[W]here there is no factual or credibility dispute and the question involves only the application of the law to the undisputed facts, our standard of review is *de novo*." *People v. Robinson*, 322 Ill. App. 3d 169, 173 (2001).

¶ 9    Supreme Court Rule 552 provides, *inter alia*: "The arresting officer shall complete the form or ticket and, within 48 hours after the arrest, shall transmit [it] *** to the clerk of the circuit court of the county in which the violation occurred." Ill. S. Ct. R. 552 (eff. Sept. 30, 2002). In *People v. Hanna*, we addressed whether DUI citations were properly dismissed by the circuit court when the arresting officers failed to file the citations with the circuit clerk within 48 hours, pursuant to Supreme Court Rule 552. 185 Ill. App. 3d at 408. We stated in *Hanna* that "Rule 552 is part of article V of the supreme court rules" (*id.* at 408), which "was adopted *** to ensure judicial efficiency and uniformity as well as 'to expedite the handling of traffic cases.' " *Id.* (quoting *People v. Roberts*, 113 Ill.

3

App. 3d 1046, 1050 (1983)).

¶ 10    We further recognized that when making the determination whether the language of a statute is mandatory or directory, the Illinois Supreme Court has held that:

> " 'a statute which specifies the time for the performance of an official duty will be considered directory only where the rights of the parties cannot be injuriously affected by failure to act within the time indicated.  However, where such statute contains negative words, denying the exercise of the power after the time named, or where a disregard of its provisions would injuriously affect public interests or private rights, it is not directory but mandatory.' "  *Id.* at 409 (quoting *Carrigan v. Illinois Liquor Control Comm'n*, 19 Ill. 2d 230, 233 (1960)).

¶ 11    Based on the principles in *Carrigan*, we concluded in *Hanna* that "the duty to file or mail a traffic citation with the clerk of the court within 48 hours is directory" because "[n]othing in the rule suggests that failure to follow the rule will injuriously affect a party's rights."  185 Ill. App. 3d at 409.  We noted, however, that the supreme court does not make useless rules and if we reversed without directions, we would condone a violation of Supreme Court Rule 552 and hinder the circuit court's control of its docket.  *Id.*  Accordingly, we remanded with directions for the circuit court to determine whether the procedure used by the officer or police department was a part of a pattern of clear and consistent violation of Rule 552.  *Id.* at 409-10.  If such was the case, dismissal of the citations would be warranted.  *Id.*  On the other hand, if the circuit court determined that the violation of Rule 552 was inadvertent, dismissal would not be warranted.  *Id.* at 410.

¶ 12    In this case, the State argues that the circuit court erred by granting the defendant's

4

motion to dismiss, based on *People v. Hanna*, because our ruling to remand that case for a determination of whether the procedure used by the police department "was part of an ongoing violation of Supreme Court Rule 552" (185 Ill. App. 3d at 409) was an unauthorized supervisory order to the circuit court.

¶ 13 We begin by noting that the State forfeited this argument on appeal by failing to raise it in the circuit court. See *People v. Herron*, 215 Ill. 2d 167, 175 (2005) (generally, issues not raised before the circuit court are forfeited on appeal). The State argues that it would have been futile to raise the issue at the trial level, because the circuit court was bound by the *Hanna* decision (185 Ill. App. 3d 404). We find this does not excuse the State from properly preserving the issue by asserting the argument before the circuit court. Accordingly, we find the argument is forfeited.

¶ 14 Forfeiture notwithstanding, however, we find the State's argument unpersuasive for various reasons. First, *Hanna* was decided in 1989 and is still good law. After *Hanna* was filed, there was a petition for leave to appeal (PLA) to the Illinois Supreme Court, which was denied. The State had the opportunity to assert this argument in *Hanna*, but the Illinois Supreme Court did not see fit to grant the PLA. Moreover, there is no case law contrary to our decision in *Hanna* and there is no negative history relative to the case to support the State's argument.

¶ 15 Second, we note that Illinois Supreme Court Rule 552 (eff. Sept. 30, 2002) has not been amended in any way since *Hanna* was decided. Had the Illinois Supreme Court found a need to amend the rule based on the argument advanced by the State, there has been ample time to make such amendments as necessary, but none have been made.

¶ 16   Even assuming, *arguendo*, that *Hanna* was an improper supervisory order, there is nothing in the record to indicate that the circuit court believed it was bound to follow *Hanna* but wished to do otherwise.  In other words, even had the court believed *Hanna* was an unauthorized supervisory order, it could have independently reached the same conclusion because the logic in *Hanna* is sound.  The circuit court here could have recognized on its own that, although the 48-hour deadline requirement is directory, the supreme court does not make useless rules and the dismissal of the defendant's citation would be warranted if exceeding the 48-hour deadline was a part of a clear and consistent violation of Rule 552 by the Troy police department.  For these reasons, we find that the circuit court did not err by granting the defendant's motion to dismiss.

¶ 17   The State next argues that the appropriate disposition of this case would be to remand with directions for the circuit court to first consider whether the violation of Supreme Court Rule 552 resulted in prejudice to the defendant or impaired the circuit court's management of its docket.  We disagree.  As stated above, *People v. Hanna* is still good law.  Under the analysis found in *Hanna*, only when a court has found the particular violation of Rule 552 at issue was inadvertent, and therefore was not a part of a pattern of clear and consistent violation of the rule, would the court consider whether the violation resulted in prejudice to the defendant or impaired the circuit court's management of its docket.

¶ 18   In this case, Detective Todd Hays testified that the Troy police department consistently transports citations to the circuit clerk on Mondays and Fridays, causing citations issued on Tuesdays to be filed beyond the 48-hour deadline, as well as those

6

issued on Mondays and Fridays after the other citations are brought in for filing. Accordingly, a clear and consistent violation of Rule 552 has occurred, dismissal of the defendant's citation is permissible on that basis, and, as a result, there is no need for the circuit court to conduct a prejudice analysis in this case.

¶ 19                                    CONCLUSION

¶ 20    For the foregoing reasons, we affirm the July 31, 2014, order of the circuit court of Madison County that granted the motion of the defendant to dismiss the traffic citation issued to him by the Troy police department on May 5, 2014.


¶ 21    Affirmed.

2015 IL App (5th) 140423

NO. 5-14-0423

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS,       )       Appeal from the
                                           )       Circuit Court of
    Plaintiff-Appellant,                 )       Madison County.
                                           )
v.                                         )       No. 14-TR-8913
                                           )
CHRISTOPHER M. GEILER,                     )       Honorable
                                           )       Elizabeth R. Levy,
    Defendant-Appellee.                  )       Judge, presiding.

_____

**Opinion Filed:**          February 11, 2015

_____

**Justices:**         Honorable James R. Moore, J.

                         Honorable Bruce D. Stewart, J., and
                         Honorable S. Gene Schwarm, J.,
                         Concur

_____

**Attorneys**       Hon. Thomas D. Gibbons, State's Attorney, Madison County
**for**             Courthouse, 157 N. Main Street, Suite 402, Edwardsville, IL 62025;
**Appellant**     Patrick Delfino, Director, Stephen E. Norris, Deputy Director,
                   Patrick D. Daly, Staff Attorney, Office of the State's Attorneys
                   Appellate Prosecutor, 730 East Illinois Highway 15, Suite 2, P.O.
                   Box 2249, Mt. Vernon, IL 62864

_____

**Attorney**        Christopher M. Geiler
**for**             1501 Malia Drive
**Appellee (*pro se*)**   St. Jacob, IL 62281

_____