# Illinois Official Reports

## Appellate Court

---

### *People v. Geiler*, 2015 IL App (5th) 140423

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CHRISTOPHER M. GEILER, Defendant-Appellee. |
| District & No. | Fifth District<br>Docket No. 5-14-0423 |
| Filed<br>Modified upon<br>denial of rehearing | February 11, 2015<br><br>March 10, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court affirmed the trial court's dismissal of a traffic citation issued to defendant for violating the speed limit, since the citation was not filed within 48 hours as required by Illinois Supreme Court Rule 552, the city's procedure was a part of a clear and consistent pattern of violation of Rule 552, dismissal was permissible on that basis, and there was no need for the trial court to conduct a prejudice analysis. |
| Decision Under Review | Appeal from the Circuit Court of Madison County, No. 14-TR-8913; the Hon. Elizabeth R. Levy, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Thomas D. Gibbons, State's Attorney, of Edwardsville (Patrick Delfino, Stephen E. Norris, and Patrick D. Daly, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>Christopher M. Geiler, of St. Jacob, appellee *pro se.* |

Panel                      JUSTICE MOORE delivered the judgment of the court, with opinion.
Justices Stewart and Schwarm concurred in the judgment and opinion.

**OPINION**

¶ 1         The State appeals the July 31, 2014, order of the circuit court of Madison County that granted the motion of the defendant, Christopher M. Geiler, to dismiss a traffic citation for failure to timely file the citation with the circuit clerk within 48 hours, in violation of Illinois Supreme Court Rule 552 (eff. Sept. 30, 2002), as a part of a clear and consistent violation of said rule. On February 11, 2015, we issued our original opinion affirming the judgment of the circuit court. On February 26, 2015, the State filed a petition for rehearing. We hereby issue this modified opinion upon denial of rehearing.

¶ 2                                      FACTS

¶ 3         On May 5, 2014, the defendant was issued a traffic citation by the police department of the City of Troy for driving 15 miles per hour over the speed limit. The citation was filed in the Madison County circuit clerk's office on May 9, 2014. On June 11, 2014, the defendant filed a *pro se* motion to dismiss the citation, alleging that it was not processed in a timely fashion, in violation of Illinois Supreme Court Rule 552 (eff. Sept. 30, 2002).

¶ 4         A hearing on the motion was held on July 30, 2014,[1] at which the following testimony and evidence was adduced. Todd Hays testified that he is employed as a detective by the Troy police department and has been so employed for over 11 years. He described the citation and complaint-filing process as follows. Once a citation is issued, it is deposited into a secure bond box in the dispatch office. Every Monday and Friday, the supervisors remove the citations from the box, review them, record them on bond sheets, and deliver them to the courthouse. Hays testified that it is impossible to transport the citations daily, and he estimated that there are approximately 30 to 50 citations filed every Monday and Friday. Hays noted that citations issued over the weekend are brought to the courthouse on Monday and those issued through the week are brought to the courthouse on Friday. In response to specific questioning regarding citations issued on Tuesday, Hays agreed that those are not filed at the courthouse until Friday.

¶ 5         Hays averred that he is familiar with Supreme Court Rule 552 and explained that "the tickets should be up within 48 hours." He emphasized, "[I]t's not a mandate. *** [T]his is our decision that if you can get them up in 48 hours, if possible, that's the way it should be."

¶ 6         The circuit court entered an order on July 31, 2014, granting the defendant's motion to dismiss, based on a finding of a clear and consistent violation of Supreme Court Rule 552, pursuant to this court's ruling in *People v. Hanna*, 185 Ill. App. 3d 404 (1989). The State filed a timely notice of appeal.

---

[1]The matter was previously set and the defendant at that time had a stack of citations, in addition to the one issued to him, that had been issued by the City of Troy. The citations were admitted into evidence and reviewed by the State, after which the State refused to dismiss the citation against the defendant. The matter was reset to July 30, 2014.

ANALYSIS

¶ 8       The issue on appeal is whether the circuit court erred by granting the defendant's motion to dismiss. "[W]here there is no factual or credibility dispute and the question involves only the application of the law to the undisputed facts, our standard of review is *de novo*." *People v. Robinson*, 322 Ill. App. 3d 169, 173 (2001).

¶ 9       Supreme Court Rule 552 provides, *inter alia*: "The arresting officer shall complete the form or ticket and, within 48 hours after the arrest, shall transmit [it] *** to the clerk of the circuit court of the county in which the violation occurred." Ill. S. Ct. R. 552 (eff. Sept. 30, 2002). In *People v. Hanna*, we addressed whether citations for driving under the influence were properly dismissed by the circuit court when the arresting officers failed to file the citations with the circuit clerk within 48 hours, pursuant to Supreme Court Rule 552. 185 Ill. App. 3d at 408. We stated in *Hanna* that "Rule 552 is part of article V of the supreme court rules" (*id.*), which "was adopted *** to ensure judicial efficiency and uniformity as well as 'to expedite the handling of traffic cases' " (*id.* (quoting *People v. Roberts*, 113 Ill. App. 3d 1046, 1050 (1983))).

¶ 10      We further recognized that when making the determination whether the language of a statute is mandatory or directory, the Illinois Supreme Court has held that:

> " 'a statute which specifies the time for the performance of an official duty will be considered directory only where the rights of the parties cannot be injuriously affected by failure to act within the time indicated. However, where such statute contains negative words, denying the exercise of the power after the time named, or where a disregard of its provisions would injuriously affect public interests or private rights, it is not directory but mandatory.' " *Id.* at 409 (quoting *Carrigan v. Illinois Liquor Control Comm'n*, 19 Ill. 2d 230, 233 (1960)).

¶ 11      Based on the principles in *Carrigan*, we concluded in *Hanna* that "the duty to file or mail a traffic citation with the clerk of the court within 48 hours is directory" because "[n]othing in the rule suggests that failure to follow the rule will injuriously affect a party's rights." 185 Ill. App. 3d at 409. We noted, however, that the supreme court does not make useless rules and if we reversed without directions, we would condone a violation of Supreme Court Rule 552 and hinder the circuit court's control of its docket. *Id.* Accordingly, we remanded with directions for the circuit court to determine whether the procedure used by the officer or police department was a part of a pattern of clear and consistent violation of Rule 552. *Id.* at 409-10. If such was the case, dismissal of the citations would be warranted. *Id.* On the other hand, if the circuit court determined that the violation of Rule 552 was inadvertent, dismissal would not be warranted. *Id.* at 410. In this case, the State argues that the circuit court erred by granting the defendant's motion to dismiss, based on *People v. Hanna*, because our ruling to remand that case for a determination of whether the procedure used by the police department "was part of an ongoing violation of Supreme Court Rule 552" (185 Ill. App. 3d at 409) was an unauthorized supervisory order to the circuit court.

¶ 12      We find the State's argument unpersuasive. Even assuming, *arguendo*, that *Hanna* was an improper supervisory order, there is nothing in the record to indicate that the circuit court believed it was bound to follow *Hanna* but wished to do otherwise. In other words, even had the court believed *Hanna* was an unauthorized supervisory order, it could have independently reached the same conclusion because the logic in *Hanna* is sound. The circuit court here

could have recognized on its own that, although the 48-hour deadline requirement is directory, the supreme court does not make useless rules and the dismissal of the defendant's citation would be warranted if exceeding the 48-hour deadline was a part of a clear and consistent violation of Rule 552 by the Troy police department. Accordingly, we find that the circuit court did not err by granting the defendant's motion to dismiss.

¶ 13 The State next argues that the appropriate disposition of this case would be to remand with directions for the circuit court to first consider whether the violation of Supreme Court Rule 552 resulted in prejudice to the defendant or impaired the circuit court's management of its docket. We disagree. Under the analysis found in *Hanna*, only when a court has found the particular violation of Rule 552 at issue was inadvertent, and therefore was not a part of a pattern of clear and consistent violation of the rule, would the court consider whether the violation resulted in prejudice to the defendant or impaired the circuit court's management of its docket. We consider this analysis sound.

¶ 14 In this case, Detective Todd Hays testified that the Troy police department consistently transports citations to the circuit clerk on Mondays and Fridays, causing citations issued on Tuesdays to be filed beyond the 48-hour deadline, as well as those issued on Mondays and Fridays after the other citations are brought in for filing. Accordingly, a clear and consistent violation of Rule 552 has occurred, dismissal of the defendant's citation is permissible on that basis, and, as a result, there is no need for the circuit court to conduct a prejudice analysis in this case.

¶ 15                                                    CONCLUSION

¶ 16 For the foregoing reasons, we affirm the July 31, 2014, order of the circuit court of Madison County that granted the motion of the defendant to dismiss the traffic citation issued to him by the Troy police department on May 5, 2014.

¶ 17       Affirmed.