In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-3873

WAYNE JACKSON,

*Plaintiff-Appellant*,

*v.*

JOE DORTHA PARKER,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 C 1958—**Suzanne B. Conlon**, *Judge.*

ARGUED SEPTEMBER 13, 2010—DECIDED DECEMBER 3, 2010

Before EASTERBROOK, *Chief Judge*, and POSNER and
TINDER, *Circuit Judges.*

TINDER, *Circuit Judge.* Plaintiff-Appellant Wayne Jackson
brought a Fourth Amendment claim against Defendant-
Appellee Joe Dortha Parker for false arrest pursuant
to 42 U.S.C. § 1983. He claimed that Parker, a Chicago
police officer, did not have probable cause to arrest
him for driving under the influence and various other
minor traffic violations. Jackson presented evidence that

Parker framed him for DUI by falsifying the results of his field sobriety tests as part of an ongoing scheme of making phony DUI arrests to obtain increased overtime pay. The district court granted summary judgment in favor of Parker, based in part on its finding that there was probable cause to arrest Jackson for driving a prohibited vehicle on Lake Shore Drive in violation of a city ordinance. The court correctly determined that a finding of probable cause bars Jackson's false arrest claim even if Parker did not have probable cause to arrest Jackson for a DUI and even though Jackson was not ultimately charged with driving a prohibited vehicle. Recognizing the weakness of his false arrest claim, Jackson re-structures his argument on appeal to assert that he was unreasonably detained in violation of the Fourth Amendment because of the alleged DUI frame-up. Jackson forfeited this argument by not raising it below and accordingly, we affirm the district court's grant of summary judgment in favor of Parker.

## I.

While on duty, Officer Parker observed Jackson's vehicle, a Chevrolet Silverado pickup truck, driving southbound on Lake Shore Drive on May 10, 2006, around 3:30 p.m. Jackson's vehicle had "B Truck" license plates, as opposed to passenger-type plates. Parker testified that he noticed Jackson's vehicle was prohibited from Lake Shore Drive under Chicago Municipal Code, Ill. § 9-72-020, which makes it unlawful to operate "any vehicle upon any boulevard . . . when such vehicle is

designed primarily for carrying freight or other goods and merchandise" subject to an exception not at issue here. Chi., Ill., Mun. Code § 9-72-020(b). Parker also testified that he observed Jackson make an illegal lane change in violation of Chicago Municipal Code § 9-12-050, which makes it "unlawful for the driver of any vehicle to fail or refuse to keep his vehicle within the designated boundaries of any . . . lane except when lawfully passing another vehicle." *Id.* § 9-12-050(b). Parker testified that he saw Jackson abruptly move his vehicle twice from the right to the left lane of Lake Shore Drive and then back again.

Parker executed a traffic stop, approached Jackson, and informed him that he was prohibited from operating his truck on Lake Shore Drive. When Parker asked Jackson if he was aware that he was not supposed to be on Lake Shore Drive, Jackson said "yes." Parker further observed that Jackson's windshield had a crack, an alleged violation of Chicago Municipal Code § 9-40-170, which makes it "unlawful for any person to drive . . . on any roadway any vehicle . . . which is in such unsafe condition as to endanger any person or property . . . or is not equipped with . . . equipment in proper condition . . . as required in the traffic code . . . ." *Id.* § 9-40-170.

After allegedly observing that Jackson had pinpointed pupils, bloodshot eyes, a flush complexion, and slurred speech, Parker asked Jackson if he had been drinking and Jackson said "no." Jackson testified that in the twenty-four hour period before being pulled over, he had not consumed any alcohol or drugs. Parker ad-

ministered several roadside field sobriety tests and re-ported that Jackson failed each test. Parker arrested Jackson and took him to the police station, where he administered a breathalyzer test. Jackson testified that he blew into the machine in accordance with Parker's instructions, but Parker manipulated the test to make it appear that Jackson refused to submit to the test. Parker, on the other hand, claimed that Jackson attempted to circumvent the test. Jackson was detained at the police station until his release at approximately 3:00 the next morning.

As indicated by Parker's arrest report, Jackson was arrested and charged with (1) driving under the influence of narcotics (2 counts); (2) failing to notify the Secretary of State of an address change; (3) failing to keep in lanes; and (4) driving an unsafe vehicle. Jackson was not charged with the prohibited vehicle violation, but the arrest report does indicate that Jackson was observed "operating a prohibited motor vehicle on Lake Shore Drive." Prior to trial in the Circuit Court of Cook County, the prosecutor amended the charges to eliminate the DUI counts and substituted a charge of negligent driving. After a bench trial, the court found that Jackson violated Chicago Municipal Code § 9-12-050 by engaging in improper traffic lane usage and failing to notify the Secretary of State of an address change,[1] but found him not guilty on the other charges. Jackson

---

[1] Jackson's guilty charge for failure to notify the Secretary of State of an address change was not brought to the attention of the district court and was disregarded by Parker on appeal.

was given a diversionary sentence; he was placed under supervision and ordered to pay a $50 fine. He satisfactorily completed his supervision.

Jackson brought suit against Parker under 42 U.S.C. § 1983, asserting a Fourth Amendment violation for false arrest. Parker filed a motion for summary judgment arguing, in part, that there was probable cause to arrest Jackson for the lane change violation and prohibited vehicle violation and that probable cause to arrest is an absolute bar to a § 1983 claim for false arrest. In response, Jackson argued that Parker did not have probable cause to stop or arrest him for any traffic violation. Specifically, he presented evidence that he did not make any abrupt lane changes and never changed lanes illegally. He further denied that the vehicle he was driving was a prohibited vehicle and instead asserted that there was a genuine issue of material fact whether he was driving a vehicle that violated the ordinance. Jackson, however, did not present supporting evidence or legal argument that probable cause was lacking to arrest him for the prohibited vehicle violation. Rather, he merely asserted that Parker did not present credible or direct evidence of such a violation. Neither party addressed the unsafe vehicle charge at the district court or on appeal.

In his brief in opposition to Parker's motion for summary judgment, Jackson further clarified that his complaint "makes clear that his theory of liability is false arrest for DUI." In fact, he stated, "that is the only criminal charge referenced in [the] complaint." He

asserted that he passed his field sobriety test, that his speech was not slurred during his encounter with Parker, that his balance was perfect, and that he did not sway, stagger, or swagger. He stated that there was no evidence of any impairment to support an arrest for DUI and instead, Parker falsified the results and wrongfully arrested him for DUI as part of an ongoing scheme to increase his overtime pay. Jackson presented evidence showing that Parker intentionally reported false information in DUI reports in forty-nine other cases by misrepresenting that arrestees failed their field sobriety tests. Jackson also presented evidence that the Public Corruption and Financial Crimes Unit of the Special Prosecutions Bureau of the Cook County State's Attorney's Office was involved in an ongoing investigation of Parker concerning his conduct as a police officer.

The district court agreed with Parker that Jackson's false arrest claim must fail because Parker had probable cause to stop and arrest Jackson. The court determined that Jackson could not contest probable cause on the lane change violation under the principles of *Heck v. Humphrey*, 512 U.S. 477 (1994), because his state conviction on that charge rested on Parker's testimony that he observed Jackson make an illegal lane change. Even if Jackson's claim was not barred by *Heck*, the court found that there was probable cause to arrest Jackson on the prohibited vehicle violation. The court concluded that a finding of probable cause for that offense defeated Jackson's false arrest claim whether or not there was probable cause to substantiate the DUI charges. Jackson appealed.

**II.**

Jackson re-structured his argument on appeal. He now asserts that Parker violated his Fourth Amendment rights by unreasonably detaining him after the initial traffic stop so he could frame Jackson for DUI. He contends that probable cause to arrest for a minor traffic offense does not immunize an officer who, after making the traffic stop, frames the motorist for a more serious crime, thereby unreasonably prolonging the seizure. Jackson points out that under Illinois law, a person arrested for a minor traffic offense "shall" post bail in any of three ways, one of which is "by depositing . . . a current Illinois driver's license." Ill. Sup. Ct. R. 526(a). On the other hand, a person arrested for driving under the influence cannot deposit his driver's license to obtain release, but must post a cash bail. Ill. Sup. Ct. R. 526(c). Accordingly, Jackson asserts that because of the frame-up he could not simply leave his driver's license with Parker at the scene of the traffic stop, but instead, was placed under formal arrest, transported to the police station, and held in custody for nearly twelve hours before being released on a cash bond.

Jackson does not contend on appeal that probable cause for the stop and arrest was lacking and implicitly concedes that he was lawfully arrested. Jackson rightfully concedes this issue; we find no error in the district court's probable cause determination. To prevail on a claim of false arrest, the plaintiff must show there was no probable cause for his arrest. *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007). If probable cause to

arrest is found to exist, it "is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). "Probable cause exists if an officer reasonably believes, in light of the facts known to [him] at the time, that a suspect had committed or was committing an offense." *United States v. Reed*, 443 F.3d 600, 603 (7th Cir. 2006). A probable cause determination "relies on the common-sense judgment of the officers based on the totality of the circumstances." *Id.*

Parker had probable cause to stop Jackson for driving a prohibited vehicle on Lake Shore Drive. Jackson has not refuted that he was driving a pickup truck with "B Truck" license plates southbound on Lake Shore Drive when Parker pulled him over. While Jackson argued below that his truck was not a prohibited vehicle under the ordinance, he did not present supporting evidence or legal argument for this defense. Further, he did not present legal argument that probable cause was lacking, nor did he raise this issue on appeal. Based on the facts known to Parker at the time, it was reasonable for him to believe that Jackson was violating Chicago Municipal Code § 9-72-020(b) by driving a vehicle designed "primarily for carrying freight or other goods and merchandise" on a boulevard. Because Parker had probable cause to stop Jackson for the prohibited vehicle violation, it is unnecessary to determine whether the principles in *Heck* bar Jackson from arguing that probable cause was lacking to stop him for the lane change violation.

Even if Parker's motivation in stopping Jackson was to frame him for DUI, the constitutional reasonableness of a traffic stop does not depend on the subjective motivations of the individual officer involved. *Whren v. United States*, 517 U.S. 806, 813 (1996). Instead, the Fourth Amendment's focus on reasonableness dictates an objective analysis, under which, "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify the action." *Id.* (quotation omitted). As such, it is irrelevant that Jackson was not charged with the prohibited vehicle violation but instead with other violations. "[A]n arrest is reasonable under the Fourth Amendment so long as there is probable cause to believe that *some* criminal offense has been or is being committed, even if it is not the crime with which the officers initially charge the suspect." *Fox v. Hayes*, 600 F.3d 819, 837 (7th Cir. 2010) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153-56 (2004)). In *Devenpeck*, the Supreme Court rejected "[t]he rule that the offense establishing probable cause must be 'closely related' to, and based on the same conduct as, the offense identified by the arresting officer at the time of arrest." 543 U.S. at 153; *see also Holmes v. Vill. of Hoffman Estate*, 511 F.3d 673, 682 ("[P]robable cause to believe that a person has committed *any* crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause.").

In *Williams v. Rodriguez*, the plaintiff brought a false arrest claim, arguing that there was no probable cause to arrest him for DUI. 509 F.3d at 398-99. The court disagreed because there was probable cause to arrest him for violation of other traffic laws. *Id.* The court explained that the probable cause analysis "need not be limited solely to whether probable cause existed to arrest [the plaintiff] for driving under the influence." *Id.* at 399. "Although [the officer] arrested [the plaintiff] for driving under the influence, an officer's 'subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Id.* (quoting *Devenpeck*, 543 U.S. at 153). "[T]he issue is whether a reasonable officer, with the same information known to [the officer] at the time, would have had probable cause to arrest [the plaintiff] for any offense." *Id.* The officer in that case had probable cause to arrest the plaintiff for parking his vehicle along the roadway. *Id.* at 399-400. Because of the objective nature of the probable cause analysis, it did not matter that the officer's subjective reason for making the arrest was driving under the influence rather than a violation of the parking offense. *Id.* at 401; *see also Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("Following *Devenpeck*, we conclude here that a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to . . . any charge actually invoked by the arresting officer at the time of arrest.").

It is not a violation of the Fourth Amendment to arrest an individual for even a very minor traffic offense. The

Supreme Court has held that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (holding that police may make full custodial arrests for even fine-only offenses); *see also People v. Taylor*, 902 N.E.2d 751, 759-60 (Ill. App. Ct.) (finding that officer could lawfully place bicyclist under custodial arrest after observing him violating two municipal ordinances regarding bicycle use), *appeal denied*, 910 N.E.2d 1131 (2009). The Court in *Atwater* noted that individualized review may be appropriate "when a defendant makes a colorable argument that an arrest . . . was conducted in an extraordinary manner, unusually harmful to [his] privacy or even physical interests." *Atwater*, 532 U.S. at 352-53 (internal quotations and citation omitted). In that case, the Court determined that the arrest may have been humiliating, but it was no more harmful to the plaintiff's privacy or physical interests "than the normal custodial arrest." *Id.* at 354. Jackson has similarly not made an adequate showing that his arrest was more harmful than the normal custodial arrest. *See, e.g., Chortek v. City of Milwaukee*, 356 F.3d 740, 745-46 (7th Cir. 2004).

Further, even though Illinois law may have allowed Jackson to post bail by depositing his current Illinois driver's license had he been arrested for the traffic offenses and not for DUI, state law does not control the reasonableness inquiry under the Fourth Amendment. *Virginia v. Moore*, 553 U.S. 164, 176 (2008). In *Moore*,

officers arrested the plaintiff for a minor traffic offense instead of issuing him a summons as required by Virginia law. *Id.* at 167. The Court held that officers do not violate the Fourth Amendment when they make an arrest that is based on probable cause but prohibited by state law. *Id.* at 175-76. A state's choice of a more restrictive search-and-seizure policy does not render less restrictive ones unreasonable, and hence unconstitutional. *Id.* at 174. The Court concluded that "warrantless arrests for crimes committed in the presence of an arresting officer are reasonable under the Constitution, and that while States are free to regulate such arrests however they desire, state restrictions do not alter the Fourth Amendment's protections." *Id.* at 176.

Recognizing the principles set forth above, Jackson's counsel readily admitted at oral argument that if this case is analyzed as a false arrest case, Jackson loses. As a result, and as noted above, Jackson re-structured his argument on appeal to assert a Fourth Amendment claim for unreasonable detention arising from the false DUI arrest. "In civil litigation, issues not presented to the district court are normally forfeited on appeal." *Russian Media Group, LLC v. Cable Am., Inc.*, 598 F.3d 302, 308 (7th Cir. 2010). If the interests of justice require, we may consider the forfeited argument, "but it will be a 'rare case in which failure to present a ground to the district court has caused no one—not the district judge, not us, not the appellee—any harm of which the law ought to take note.'" *Id.* (quoting *Amcast Indus. Corp. v. Detrex Corp.*, 2 F.3d 746, 749-50 (7th Cir. 1993)). As such, while the plain error doctrine is often applied in criminal cases, it

is rarely applied in civil cases. *Moore ex. rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 430 (7th Cir. 2008). "Plain error is only available in civil cases if a party can demonstrate that: (1) exceptional circumstances exist; (2) substantial rights are affected; and (3) a miscarriage of justice will occur if plain error review is not applied." *Id.*

This is not such a rare civil case where exceptional circumstances exist. Jackson did not sufficiently develop the record below for review of his claim of unreasonable detention. Further, the district court did not have the opportunity to address Jackson's argument because he clearly set forth his only claim as one for false arrest. "[T]o reverse the district court on grounds not presented to it would undermine the essential function of the district court." *Domka v. Portage Cnty. Wis.*, 523 F.3d 776, 784 (7th Cir. 2008) (quotation omitted). The appellee also did not have the opportunity to develop the record to respond to this newly developed theory, which was not set forth in Jackson's complaint or his response to Parker's motion for summary judgment. Finally, Jackson has not made an attempt—either in his briefs or at oral argument—to show that the elements for plain error review have been satisfied. We, therefore, decline to review for plain error.

Accordingly, for the reasons stated, the judgment of the district court is AFFIRMED.

---