NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 5, 2012[*]
Decided December 5, 2012

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2090

| | |
|---|---|
| SCOTT W. HOLZRICHTER, <br> *Plaintiff-Appellant,* <br><br> *v.* <br><br> CITY OF CHICAGO, et al., <br> *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 11 C 8402 <br><br> George M. Marovich, <br> *Judge.* |

**O R D E R**

Scott Holzrichter appeals from the dismissal of his second amended complaint, which included claims for false arrest, *see* 42 U.S.C. § 1983, and violations of the Illinois Freedom of Information Act, *see* 5 ILL. COMP. STAT. § 140. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

We accept the allegations in Holzrichter's complaint as true for purposes of evaluating the dismissal of his complaint. *See Santana v. Cook Cnty. Bd. of Review*, 679 F.3d 614, 620 (7th Cir. 2012). In November 2009, the Circuit Court of Cook County issued an Order of Possession, permitting the eviction of a tenant from a unit at the Covent Hotel, a rental apartment building in Chicago. The next day Holzrichter, a desk clerk, removed the tenant's personal property from the unit. A police officer arrived and demanded that the tenant's property be returned to the unit, but Holzrichter refused. The officer then arrested Holzrichter for violating a city ordinance prohibiting landlords from evicting tenants without the assistance of the Cook County Sheriff. *See* CHICAGO MUN. CODE § 5-12-160.

Holzrichter sued the officer who arrested him, the City of Chicago, and the Chicago Police Department, alleging that the defendants had no legal basis to arrest him. He also claimed that the defendants violated the Illinois FOIA by refusing to provide him information about the arresting police officer. The district court dismissed Holzrichter's false-arrest claim on the ground that he did not allege facts making it plausible that he was arrested without probable cause. Having dismissed the suit's only federal claim, the court declined to assert supplemental jurisdiction over Holzrichter's state-law FOIA claims and dismissed them without prejudice.

Holzrichter contends on appeal that the tenant, who was subject to eviction due to the entry of an Order of Possession, was not protected by the ordinance barring landlord evictions, and that the police officer therefore did not have probable cause to arrest him. This argument is incorrect: the tenant was a tenant at sufferance and accordingly was protected by the ordinance. *See* CHICAGO MUN. CODE § 5-12-030(i); BLACK'S LAW DICTIONARY 1605 (9th ed. 2009) (defining a tenant at sufferance as one who "has been in lawful possession of property and wrongfully remains as a holdover after the tenant's interest has expired"); *Meyer v. Cohen*, 632 N.E.2d 22, 29 (Ill. App. Ct. 1993).

The facts Holzrichter alleges therefore establish probable cause for his arrest, meaning that he has pleaded himself out of court on his false-arrest claim. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011), *cert. denied* 132 S. Ct. 1569 (2012). To prevail on a false-arrest claim under § 1983, the plaintiff must prove that the defendant police officer lacked probable cause to arrest. *Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2011); *McBride v. Grice*, 576 F.3d 703, 706 (7th Cir. 2009). Here, Holzrichter pleads that he ousted a tenant by removing his personal property from a rental unit, which is exactly what the ordinance makes illegal. CHICAGO MUN. CODE § 5-12-160 (prohibiting landlords from evicting "any tenant from a dwelling unit without authority of law . . . by removing a tenant's personal property from said unit."). Nor can Holzrichter take advantage of the ordinance's exception, because he removed the tenant's property himself, rather than asking the Cook County Sheriff to do so. *See id.* § 5-12-160(a) (no violation of the ordinance occurs when the landlord

"engages the sheriff of Cook County to forcibly evict a tenant or his personal property"). Thus, given the facts pleaded by Holzrichter, an officer would have had a reasonable basis to believe that Holzrichter's removal of the tenant's personal property violated the ordinance, and that probable cause to arrest existed. *See Jackson*, 627 F.3d at 638.

Holzrichter also contests the district court's dismissal of the state-law FOIA claims, focusing on those claims' merits. But district courts have discretion to decline to hear supplemental state-law claims after all federal claims have been dismissed, and we will reverse a district court's decision to relinquish supplemental jurisdiction only in extraordinary circumstances. *See Capeheart v. Terrell*, 695 F.3d 681, 686 (7th Cir. 2012). We can identify no extraordinary circumstances here and therefore affirm the dismissal of Holzrichter's state-law claims.

**AFFIRMED**.