In the

# United States Court of Appeals
### For the Seventh Circuit

No. 14-3388

DKCLM, LTD., and DALE KREIL,

*Plaintiffs-Appellants*,

*v.*

COUNTY OF MILWAUKEE and PAMELA K. MILLER,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:11-cv-00933-RTR — **Rudolph T. Randa**, *Judge*.

ARGUED JUNE 2, 2015 — DECIDED JULY 20, 2015

Before POSNER, EASTERBROOK, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*. Apollo Properties, LLC, owned real property in the City of Franklin, Wisconsin, a suburb of Milwaukee. It had rented the property to another company, DKCLM, Ltd., which used it as a site for the sale and servicing of boats and related marine equipment. The company kept boats, motors, parts, tools, and business records there, and also subleased a portion of the property to Dale Kreil, an officer of DKCLM, who lived in a house on his leased part of

the property and kept all sorts of personal possessions there, including family memorabilia, household goods, and vehicles. The parties treat DKCLM and its officer Kreil as a unit, and we'll do the same, referring to them jointly as Kreil.

In 2005, according to Apollo, Kreil defaulted on his obligation to pay rent, and in response Apollo initiated eviction proceedings in Milwaukee County's small claims court. Before the suit was far advanced, however, the parties entered into a stipulation whereby Apollo agreed to dismiss the case and in exchange Kreil both promised to pay the rent due and agreed that in the event of a future default Apollo would be entitled to ask a court for a writ of restitution (meaning repossession of the property and thus eviction of the tenant) without notice to Kreil. Apollo asked a Wisconsin court for that relief on August 15, 2005, Kreil having defaulted, and nine days later the court issued the writ, but stayed enforcement until September 26. The execution of the writ began on October 5, Kreil was evicted, and later a judgment of almost $54,000 for unpaid rent was entered against him.

Six years later Kreil filed suit under 42 U.S.C. § 1983 in a federal district court in Wisconsin against Milwaukee County and a Milwaukee County detective named Pamela Miller (and others who were later dismissed), claiming that the eviction had violated his federal constitutional rights in a variety of ways. All his claims were rejected by the district court and only two of them are asserted in this appeal. The first is that the entry onto the property was an unreasonable seizure of the tenant's (Kreil's) leasehold, thus violating the Fourth Amendment (made applicable to state action by interpretation of the due process clause of the Fourteenth Amendment), because it occurred after the statutory dead-

line for accomplishing an eviction. The second claim that he is pressing is that the County and its agents had in violation of the Fourteenth Amendment's due process clause removed or caused to be removed, and having done so destroyed or otherwise discarded or caused to be discarded, the tenant's private property (boats, household possessions, etc.) found on the leasehold.

An eviction pursuant to a court-ordered writ of restitution must be completed by the sheriff within 10 business days after his receiving the writ from the issuing court. Wis. Stat. §§ 799.45(5)(a), 801.15(1)(b). It's unclear whether that deadline was met. The eviction began on October 5 and was completed on October 20, 2005. The judge thought it possible that the sheriff's office had received the writ the morning of October 5, in which case October 20 would indeed have been the tenth business day after receipt. But the sheriff may have received the writ as early as August 29, according to the records of the sheriff's office; and if so, Kreil argues, the clock started to tick on September 26, the day the stay of enforcement expired. But the district judge didn't think the eviction unlawful even if the sheriff's office had not completed it within ten days of receiving the writ. The judge based this conclusion on the fact that the eviction had been delayed by—of all things—the presence of a skunk.

We agree that the eviction did not violate the Fourth Amendment even if the sheriff missed the 10-day deadline. And not because of the skunk's intervention. The 10-day deadline is imposed by state law rather than by the Fourth Amendment. The standard governing the legality of a search or seizure challenged under the Fourth Amendment is furnished by federal rather than state law. *Virginia v. Moore*, 553

U.S. 164, 176 (2008); *Sroga v. Weiglen*, 649 F.3d 604, 607 (7th Cir. 2011); *Jackson v. Parker*, 627 F.3d 634, 640 (7th Cir. 2010). And the standard is reasonableness, not ten days; and even if the sheriff's team should not have blanched at having to confront a skunk, Kreil hasn't shown that the length of time it took the sheriff to remove all of Kreil's possessions was unreasonable. It's true that in *Wolf-Lillie v. Sonquist*, 699 F.2d 864 (7th Cir. 1983), a district court's holding that a writ of restitution executed after the state's statutory deadline violated the Fourth Amendment wasn't contested on appeal. But even if our opinion in that case could be read as endorsing that district court's holding, this would not help Kreil because any such reading would be contrary to the Supreme Court's decision in *Virginia v. Moore*.

As Kreil himself stresses, his personal possessions were strewn over the property. Some of them (like the boats) were very bulky and heavy; the property also included the entire contents of Kreil's home. The sheriff's team couldn't remove all that stuff in a day or two. Kreil was frequently on the property during the removal of his possessions, and he decided to abandon many of them, including most of the appliances, the entire contents of a cinderblock building on his leasehold, and his filing cabinets including the papers in them. His claim that the eviction resulted in "gratuitous destruction, diversion or disposal of millions of dollars" worth of personal property owned by him is unsupported by a listing of the items and evidence of their value.

He argues that moving companies hired by Milwaukee County to remove his personal property to a safe place and return it to him when the eviction (and hence removal of all that property) was complete failed to return it all. He further

argues, quite without personal knowledge, that the missing property was discarded by order of the defendants. Although he joined both moving companies as defendants in the suit, he apparently did not seek discovery of them even though they obviously would have known had the County ordered them to throw away the personal property of his that they removed from the eviction site. Moreover, he voluntarily dismissed his claims against one of the movers, and the district court dismissed his claims against the other for the same reasons it dismissed his claims against the public defendants. To support his case Kreil relies solely on his declaration, which is too vague about what he lost and why he thinks he knows what happened to it and in short who did what. See *Ani-Deng v. Jeffboat, LLC*, 777 F.3d 452, 454–55 (7th Cir. 2015).

Besides charging a violation of the Fourth Amendment, Kreil argues that the removal and (alleged) destruction of his property deprived him of property without due process of law, in violation of the due process clause of the Fourteenth Amendment. The argument fails for the same reason as the Fourth Amendment claim—insufficient evidence was presented in opposition to the defendants' motion for summary judgment. But we do want to comment on the defendants' alternative defense to the due process claim—that it is barred by the tenant's having an adequate remedy under state law. The doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), is that an adequate state remedy for a deprivation of property provides all the due process that a plaintiff suing state officers for such deprivation is entitled to; the problem in this case is that the Wisconsin state statute that provides a remedy for such a deprivation caps the liability of state agencies and officers at a measly $50,000, Wis. Stat.

§ 893.80(3), which if Kreil's estimate of damages had been correct would be less than a twentieth of his actual damages. We are inclined to think, though we need not decide in view of the bar to his due process claim just discussed, that a ceiling so far below a plaintiff's loss renders the state remedy inadequate. See *Julian v. Hanna*, 732 F.3d 842, 846–48 (7th Cir. 2013).

The parties raise some other issues, but they needn't be resolved in order to demonstrate that the judgment of the district court must be, and it therefore is,

AFFIRMED.